UNITED STATES BANKRUPTCY
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:      Case No. 05 B 43514      )
                                     )
KERMITTA MOORE,                      )
SS# XXX-XX-0559                      )
                                     )
                    Debtor,          )
                                     )   Bk No. 05 B 43514
THE ILLINOIS DEPARTMENT OF           )
EMPLOYMENT SECURITY,                 )
                                     )   Adv. Pro. No. 06 A 00035
                    Plaintiff,       )
                                     )
v.                                   )   Judge Jack B. Schmetterer
KERMITTA MOORE,                      )
                                     )
                    Defendant.       )

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter coming on to be heard on the adversary complaint in the above matter and after review and consideration of the complaint and evidence in support thereof, including the Certificate of Commissioner of Unemployment Compensation issued pursuant to 820 ILCS 405/2302, the court makes the following findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052:

### FINDINGS OF FACT

1. The defendant, KERMITTA MOORE, was employed by BLARE HOUSE INCORPORATED for the weeks ending May 11, 2002 through May 25, 2002; and June 8, 2002 through March 1, 2003.

2. The defendant earned wages for said periods as set forth in the employer's Wage Inquiry Packet and in the Notice of Fraud Decision.

3. During the period of time, the weeks ending May 11, 2002 through May 25, 2002; and June 8, 2002 through March 1, 2003 the

defendant applied for and received unemployment benefits totaling $7,296.00.

4. The defendant did not report her employment or her earnings during these periods.

5. The defendant failed to report for an administrative hearing by April 30, 2003 and November 14, 2003, regarding the fraudulent receipt of unemployment benefits for the period of time of the weeks ending May 11, 2002 through May 25, 2002 and June 8, 2002 through March 1, 2003.

6. On May 19, 2003 and December 1, 2003, the Illinois Department of Employment Security issued the Notice of Fraud decisions that the defendant had committed fraud to obtain $7,296.00 in unemployment benefits for the period of time of the weeks ending May 11, 2002 through May 25, 2002 and June 8, 2002 through March 1, 2003.

7. IDES' administrative decision noted that its findings are supported by unemployment records and earnings information supplied by the debtor's employer.

8. The administrative decision stated that due to the fact that the debtor certified each week that she was not employed and not earning any wages, she knowingly made false statements or knowingly failed to disclose material facts for the purpose of receiving benefits for which she was not entitled.

9. Defendant has made recoupments in the amount of $91.40

## CONCLUSIONS OF LAW

1. The documentary evidence submitted by IDES in support of the relief sought in its complaint was certified as being true and correct copies of the originals on file by the Commissioner of Unemployment

Insurance pursuant to Section 2302 of the Illinois Unemployment Insurance Act.

2. As such, those certified copies are admissible into evidence in all judicial proceedings in the same manner as public documents.

3. Through her false representations, the defendant received a total of $7,296.00 in unemployment benefits to which she was not entitled.

4. As of February 28, 2006, the defendant is indebted to plaintiff in the sum of $7,204.60.

5. The evidence submitted in support of the complaint is sufficient to allow the motion for default judgment under Bankruptcy Rule 7055.

6. Dischargeability under Section 523 is determined by a preponderance of the evidence standard and the requisite elements of "false pretenses, a false representation or actual fraud" have been established. Grogan v. Garner, 111 S. Ct. 654, 661 (1991).

7. Pursuant to 11 U.S.C. §523(a)(2)(A) of the Bankruptcy Code, said debt is not dischargeable as it is a debt for obtaining money by false representations.

8. Defendant's debt to plaintiff is excepted, under 11 U.S.C. §523(a)(2)(A), from any discharge granted the defendant in the underlying bankruptcy case.

Enter:

Dated: 3/9/06

-3-

MAR 0 9 2006